IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

STEVEN NORMENT,           )
                          )
         Plaintiff,       )
                          )
vs.                       )   Case No. 15-4038-CV-C-ODS-SSA
                          )
CAROLYN W. COLVIN,        )
Acting Commissioner of Social Security, )
                          )
         Defendant.       )

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for supplemental security income. The Commissioner's decision is reversed and the case is remanded for further proceedings.

1. In this matter, the ALJ set forth a residual functional capacity ("RFC") that is not supported by the substantial evidence in the record. Specifically, the ALJ set forth several limitations that are not supported by Plaintiff's testimony and/or the medical evidence. Accordingly, the ALJ must obtain a consultative examination to determine the extent of Plaintiff's limitations. "While a claimant for benefits has the burden of proving a disability, the Secretary has the duty to develop the record fully and fairly, even if ... the claimant is represented by counsel." Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir. 1992) (citation and internal quotation omitted); 20 C.F.R. § 416.919a(b) (stating that a medical examination may be obtained if the administrative record does not provide sufficient evidence to determine whether the claimant is disabled). When the medical records do not provide sufficient information to make an informed decision, the ALJ may order a consultative examination. Id. (citing 20 C.F.R. § 416.917). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Id. (citations omitted).

Here, there is no opinion of an examining physician or a non-examining physician. No physician has opined about Plaintiff's ability to stand/walk, concentrate, maintain attention, stay on task, lift up to fifty pounds, or perform any other work-related activities. Rather, the Record – in the form of information submitted by Plaintiff to Defendant in applying for benefits and testimony provided by Plaintiff during the hearing before the ALJ – provides more severe physical restrictions than what were set forth by the ALJ. Yet, the RFC contained specific physical limitations that are not harmonious with the information and testimony provided by Plaintiff. For these reasons, the ALJ is ordered to obtain a consultative examination to determine the extent of Plaintiff's physical and mental limitations.

2. Upon receipt of the consultative examination, the ALJ must reformulate the RFC, and in doing so, the ALJ is directed to do the following:

    a. The ALJ must include limitations related to Plaintiff's physical conditions, including but not limited to Plaintiff's degenerative joint disease of the knee, which the ALJ found to be a severe impairment, as well as the other physical conditions alleged by Plaintiff and found by the ALJ (i.e., vision problems, calcium deposits, high blood pressure, gout, prediabetes, high cholesterol, testosterone deficiency, obesity, peroneus brevis tendon tear, dupuytren's contracture, gastroesophageal reflux disease, alcohol dependence, and cannabis abuse) to the extent that any/all of these physical conditions are supported by substantial evidence of the record and impact Plaintiff's ability to work.

    b. The ALJ must include limitations related to Plaintiff's mental conditions of depression, anxiety, and post-traumatic stress order, all of which the ALJ found to be severe impairments.

    c. The ALJ must make a specific finding as to what type of work Plaintiff can perform. As conceded by Defendant, there were inconsistencies in the ALJ's decision regarding the type of work Plaintiff could perform. The ALJ stated that Plaintiff could only perform "light" work but then later stated he could perform "medium" work. R. at 15, 20. Adding to the confusion, the RFC set forth

restrictions that would place Plaintiff in the "medium" work category.  R. at 20.  This inconsistency must be resolved.

      d.    The ALJ must provide a narrative statement regarding how the evidence supports the RFC determination.

3.    The ALJ must re-evaluate Plaintiff's credibility.  Based upon the evidence gathered at the time of the hearing before the ALJ, the Court finds that the ALJ's finding that Plaintiff was partially credible was supported by the substantial evidence in the Record at that time.  However, the ALJ must re-evaluate Plaintiff's credibility once the consultative medical examination ordered in Paragraph 1 of this Order has been received.

IT IS SO ORDERED.

DATE:  October 6, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3

Case 2:15-cv-04038-ODS   Document 10   Filed 10/06/15   Page 3 of 3